DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GREGORY TONY,** as **SHERIFF OF BROWARD COUNTY,**
Appellant,

v.

**ESTATE OF ALYSSA ALHADEFF,** et al.,
Appellees.

No. 4D2026-0252

[July 29, 2026]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. 062019CA008000AXXXCE.

Alexis Fields, Seth Haimovitch, and David Ferguson of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Fort Lauderdale, for appellant.

Joel S. Perwin of Joel S. Perwin, P.A., Miami Beach, and David W. Brill and Joseph J. Rinaldi, Jr. of Brill & Rinaldi, The Law Firm, Weston, for appellees.

PER CURIAM.

The Broward County Sheriff appeals from an order denying his motion for partial summary judgment in the underlying lawsuits arising from the Marjory Stoneman Douglas High School shooting.

In a companion appeal that was consolidated for panel review, we recently affirmed the denial of a similar motion, where the Sheriff claimed sovereign immunity for "pre-shooting" claims. *Tony v. Est. of Alhadeff*, No. 4D2026-0114, 51 Fla. L Weekly D991 (Fla. 4th DCA May 13, 2026).

The motion in this case sought partial summary judgment for "day-of-shooting" claims. We affirm because the Sheriff has not shown entitlement to partial summary judgment on his sovereign immunity defense.

Our nonfinal appeal jurisdiction is limited to the issue of "entitlement to sovereign immunity." Fla. R. App. P. 9.130(a)(3)(F)(iii).

The Sheriff's argument concerning the alleged absence of a duty of care for negligence liability under *Trianon Park Condominium Ass'n, Inc. v. City of Hialeah*, 468 So. 2d 912 (Fla. 1985), exceeds the limited scope of review. *See Wallace v. Dean*, 3 So. 3d 1035, 1044-45 (Fla. 2009) (explaining that sovereign immunity arises solely from separation of powers and not from a lack of duty of care); *Peterson v. Pollack*, 290 So. 3d 102, 104 (Fla. 4th DCA 2020) (explaining that this Court lacked nonfinal appeal jurisdiction to review a claim that a deputy lacked a legally cognizable duty of care); *see also Fla. Highway Patrol, a division of Fla. Dep't of Highway Safety & Motor Vehicles v. Jackson*, 238 So. 3d 430, 431 n.1 (Fla. 1st DCA 2018) (recognizing that the duty of care required for negligence liability is distinct from immunity and not subject to review in a nonfinal appeal), *approved*, 288 So. 3d 1179 (Fla. 2020).

The Florida Supreme Court has made clear that "duty and sovereign immunity are not to be conflated." *Sanchez v. Miami-Dade Cnty.*, 286 So. 3d 191, 192 (Fla. 2019); *see also Jackson*, 288 So. 3d at 1185.

No error is shown in the court's partial summary judgment denial on the Sheriff's claim of entitlement to sovereign immunity. The Sheriff has not demonstrated that the challenged conduct falls within a planning-level or policy-level function.

Contrary to the Sheriff's argument, the narrow police emergency exception discussed in *Pinellas Park v. Brown*, 604 So. 2d 1222, 1226-27 (Fla. 1992), does not establish immunity from suit, as explained in *Rodriguez v. Miami-Dade County*, 117 So. 3d 400, 408 (Fla. 2013) (holding that the police emergency exception did not immunize the County from suit for alleged negligence by police responding to an emergency). In *Rodriguez*, our supreme court rejected the notion that the exception creates "immunity from suit as a matter of law whenever police respond to an emergency." *Id.* at 406. The exception requires a situation in which police must choose "between two different evils." *Id.* at 407.

Further, the exception does not apply where state agents "created or substantially contributed to the emergency through their own negligent acts or failure to adhere to reasonable standards of public safety." *Id.* at 408. On the record before us, the Sheriff has not established entitlement to sovereign immunity as a matter of law.

To the extent the Sheriff contends that certain allegations implicate planning-level or policy-level functions, this ruling does not preclude the Sheriff from so arguing at trial and seeking appellate review if necessary.

We conclude that the Sheriff has not shown entitlement to partial summary judgment based on sovereign immunity, which is the only issue within our nonfinal jurisdiction at this time.

*Affirmed.*

CIKLIN, FORST and SHEPHERD, JJ., concur.

*      *      *

***Not final until disposition of timely-filed motion for rehearing.***